UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| STEPHON FOUNTAIN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:22-CV-465-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TATUM ISAACS, | ) |
| | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of the Complaint [R. 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

**I.**

Proceeding without counsel, Plaintiff Stephon Fountain, a pretrial detainee at the Kenton County Detention Center ("KCDC"), filed his Complaint under 42 U.S.C. § 1983 against Tatum Isaacs, his public defender with the Department of Public Advocacy, in her individual and official capacities, complaining of her representation of him in a criminal proceeding.[1]

---

[1] In the Complaint, Plaintiff fails to indicate where his criminal proceeding arose or to provide an address for Defendant. In a summons attached to the Complaint, however, he provides an address for Defendant in Covington, Kentucky, which is in Kenton County, Kentucky. [R. 1-1]. Because Kenton County is located in the judicial district of the Eastern District of Kentucky, *see* 28 U.S.C. § 97(a); LR 3.1(a)(1)(B), proper venue lies in that district. *See* 28 U.S.C. § 1391(b) ("[A] civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). Nevertheless, because this action is subject to dismissal, this Court finds that it is not in the interest of justice to transfer the action to the Eastern District of Kentucky. *See* 28 U.S.C. § 1406 (28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Plaintiff alleges that he was wrongfully arrested and unlawfully imprisoned on April 6, 2022,[2] because he "never knew [he] had a warrant." [R. 1, p. 4]. He states that Defendant missed his first court date and reports that at their first meeting on June 17th, Plaintiff told Defendant that he had been in jail for "6 to 7 wks on a failure to appear"; that Defendant admitted having sent the warrant to the wrong address; and that Defendant said she would "put in for a bond reduction instead of asking for a motion to quash." *Id.* Plaintiff reports that on June 20, 2022, Defendant filed a motion for bond reduction, which was denied. *Id.* Plaintiff indicates that on July 14, 2022, he "found out about the motion to quash. . . . stated my family was being evicted out of our home 7-31-22 & if [Defendant] could please file before then." *Id.* He states that on July 29, 2022, Defendant advised that she would prepare a motion and present it to the judge on August 2, 2022. However, according to Plaintiff, Defendant did not appear on that date but her "fill in said something about the motion & it was denied." *Id.*

Plaintiff asserts, "I feel like [Defendant] purposely keep me here in Kenton County for her own personal reason's" and indicates that he and his family "suffered alot through this ordeal which easily should have been handled properly & correctly." *Id.* at 4–5. He contends, "[e]ven if the motion was denied when [Defendant] first should have put it in I wouldn't feel wronged or neglected. My claims is neglect, wrongful imprisonment & unlawful inprisonment." *Id.* at 5. As relief, Plaintiff seeks damages. *Id.* at 6.

---

[2] Plaintiff actually indicates that he was arrested on "4-6-02," but based on the other dates listed in the Complaint, it appears that Plaintiff intended "4-6-22."

## II.

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");*Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Here, Defendant was Plaintiff's public defender in criminal proceedings and therefore is not a state actor. Plaintiff, therefore, fails to state a claim under § 1983 against her.

To the extent Plaintiff may be trying to bring a state-law negligence/malpractice claim, the Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Further, because Plaintiff does not allege that he and Defendant are citizens of different states, he cannot establish this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; . . . ."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Consequently, the state-law claim will be dismissed without prejudice.

### IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

This the 12th day of April, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendant
A958.005